UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) | NO.  20-1623 |
| Plaintiff, | ) ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | ) ) | |
| LUNDBERG, LLC, and PACKAGING CORPORATION OF AMERICA, | ) ) ) ) | |
| Defendants. | ) ) ) | |

1.      Plaintiff Twin City Fire Insurance Company ("Twin City") brings this action for a declaratory judgment that it has no obligation to defend or indemnify Lundberg, LLC ("Lundberg") in litigation filed against it by Packaging Corporation of America ("PCA"). Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, Twin City alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Twin City is a corporation organized and existing under the laws of the state of Indiana with its principal office and principal place of business in Hartford, Connecticut.

3.      Lundberg is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Redmond, Washington. Lundberg has as its sole member Dustex LLC.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

4.      Dustex LLC is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in the state of Georgia.

5.      Dustex LLC has as its sole member Dustex Investment Holdings LLC. Dustex Investment Holdings LLC is a limited liability company organized and existing under the laws of the state of Delaware and, upon information and belief, has its principal place of business in the state of Georgia.

6.      Dustex Investment Holdings LLC has as its sole member Dustex Solutions LLC. Dustex Solutions LLC is a limited liability company organized and existing under the laws of the state of Delaware and, upon information and belief, has its principal place of business in the state of Georgia.

7.      Dustex Solutions LLC has as its sole member Dustex Holdings LLC. Dustex Holdings LLC is a limited liability company organized and existing under the laws of the state of Delaware and, upon information and belief, has its principal place of business in the state of Texas.

8.      Dustex Holdings LLC has as its members an individual and three limited liability companies:  Murray Paul Hasinoff; Consolidated Construction Investment Holdings LLC; NFT Industries, LLC; and Dustex Investment Resources LLC.

9.      Murray Paul Hasinoff is an individual, and, upon information and belief, a citizen of Alabama.

10.      Consolidated Construction Investment Holdings LLC is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in the state of Texas.

11.      NFT Industries, LLC is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in the state of Alabama.

12.       Dustex Investment Resources LLC is a limited liability company organized and existing under the laws of the state of Delaware.  A diligent search has not revealed that Dustex

COMPLAINT FOR DECLARATORY JUDGMENT - 2

Investment Resources LLC has business operations.  Upon information and belief, Dustex

Investment Resources LLC has as its members three limited partnerships and a corporation. The

corporate member is Dustex (TE) III Blocker Corporation.

13.    Dustex (TE) III Blocker Corporation is a corporation organized and existing

under the laws of the state of Delaware. Upon information and belief, it is a holding

company with no business operations. Its annual filings are handled by Capitol Services in

Delaware.

14.    Dustex Corporation is a corporation organized and existing under the laws of the

state of North Carolina with its principal place of business in the state of Georgia.

15.    PCA is a corporation organized and existing under the laws of the state of

Delaware with its principal place of business in the state of Illinois.

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that

(a) Twin City and defendants are citizens of different states, and (b) the value of the matter in

controversy, exclusive of interest and costs, exceeds $75,000.00.

17.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because

defendant Lundberg, LLC, resides in this judicial district, a substantial part of the acts or

omissions giving rise to the claims set forth herein took place in this judicial district, and the

Defendants are subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

18.    The allegations in this Complaint regarding Defendants are based on allegations

in the underlying lawsuits described below.

19.    On or about October 31, 2019, PCA commenced a lawsuit against LUNDBERG,

LLC f/k/a A.H. LUNDBERG ASSOCIATES, INC., DUSTEX CORPORATION d/b/a LDX

SOLUTIONS, and A.H. LUNDBERG SYSTEMS, INC. in the U.S. District Court for the

Western District of Washington, Case Number 19CV12564 ("the WDWA Lawsuit").

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, OR 97223
(503) 242-2922

20.     On or about July 13, 2020, The Western District of Washington Court signed an Order dismissing the WDWA Lawsuit.

21.     On or about October 31, 2019, PCA commenced a lawsuit against LUNDBERG, LLC f/k/a A.H. LUNDBERG ASSOCIATES, INC., DUSTEX CORPORATION d/b/a LDX SOLUTIONS, and A.H. LUNDBERG SYSTEMS, INC. in the Superior Court of the State of Washington for the County of King County, Case Number 19-2-28930-9 SEA ("the King County Lawsuit").

22.     On or about August 13, 2020, PCA filed a First Amended Complaint in the King County Lawsuit against LUNDBERG, LLC f/k/a A.H. LUNDBERG ASSOCIATES, INC. and A.H. LUNDBERG SYSTEMS LTD. A copy of the First Amended Complaint filed in the King County Lawsuit is attached as Exhibit 1 ("King County First Amended Complaint").

23.     PCA refers to all defendants named in the King County First Amended Complaint as the "Lundberg Defendants."

24.     The King County First Amended Complaint brings claims against the "Lundberg Defendants" for (1) Product Liability – Negligence; (2) Product Liability – Strict Liability; (3) Negligence; (4) Breach of Implied Warranty – Fitness For A Particular Purpose; (5) Breach of Express Warranty; (6) Fraud; and (7) Unfair and Deceptive Business Practices.

25.     The King County First Amended Complaint alleges that "[f]or over 50 years the Lundberg Defendants have been considered leading engineering and system experts for equipment and processes designed specifically for paper and pulp mills. An integral aspect of the Lundberg Defendants' business has been designing, manufacturing, installing, and maintaining systems that evacuate non-condensable gases that may be combustible from the paper and pulp mill environment. The Lundberg Defendants share ownership of certain intellectual property, share operating names and common identifies even if separate entities, and shared design and manufacturing at points in time. The Lundberg Defendants' systems include ones that transport non-condensable gases that require specific safety devices to be installed to mitigate the risk of

COMPLAINT FOR DECLARATORY JUDGMENT - 4

flammability and explosion. One of these safety devices is known as a flame arrester, and it is designed to stop the propagation of a flame throughout the system by stopping its transmission from one side of the flame arrester to the other side of the flame arrester. A flame arrester is an integral part of the Lundberg Defendants' systems and serves as a critical safety device used to stop flames spreading within the system."

26.     The King County First Amended Complaint alleges that the "Lundberg Defendants have placed hundreds, if not thousands, of Lundberg Flame Arresters into commerce and installed and maintained them at pulp and paper mills across the United States and internationally, including at PCA's mills."

27.     The King County First Amended Complaint alleges that "contrary to representations and warranties made by the Lundberg Defendants for years, and contrary to the expectations and standards in the industry, the Lundberg Flame Arresters were never tested and were never certified under any applicable standards. This very basic and highly material information was never disclosed by the Lundberg Defendants to the pulp and paper mill industry, despite, for example, Lundberg being present at PCA's paper and pulp mills regularly and working on its systems that include the Lundberg Flame Arresters for decades. This material information was actively concealed from PCA and the industry by the Lundberg Defendants. The Lundberg Defendants also actively concealed that the Lundberg Flame Arresters were designed differently than other flame arresters that were tested and certified and in use in the industry, and also actively concealed that the Lundberg Flame Arresters in fact did not prevent the transfer of flame from one side to the other of the purported safety device. Put bluntly, the Lundberg Defendants concealed that the Lundberg Flame Arresters did not work. Because it is not apparent from regular usage or on the face of the Lundberg Flame Arresters, the latent defects in the Lundberg Flame Arresters went undetected by PCA."

28.     The King County First Amended Complaint alleges that "[a]fter discovering that Lundberg Flame Arresters were never tested and were never certified to any applicable

COMPLAINT FOR DECLARATORY JUDGMENT - 5

standards, in 2018 PCA sent a Lundberg Flame Arrester that it had purchased directly from Lundberg in or around November 2017 for offsite testing by an independent third-party facility. That Lundberg Flame Arrester completely failed to operate as represented—it failed to mitigate any flame passage from one side of the safety device to the other side. At great cost, PCA then removed all Lundberg Flame Arresters from the company's mills and replaced these critical safety devices with new flame arresters that were designed, manufactured, tested, and certified to applicable standards by parties not involved in this litigation. This replacement program included significant engineering and system work, again done by parties not involved in this litigation because PCA had completely lost confidence in the integrity and capability of Lundberg."

29.     The King County First Amended Complaint alleges that "PCA sent multiple Lundberg Flame Arresters of varying sizes that had been installed at its mills and removed in 2018 for off-site testing by the same leading, independent, third-party testing facility. During testing in 2019, none of the Lundberg Flame Arresters worked as designed, manufactured, and/or marketed by the Lundberg Defendants; none prevented the spread of flame from one side of the device to the other side; none operated as a safety component as represented by the Lundberg Defendants; and none operated as would be expected by PCA and the industry for a critical safety device."

30.     The King County First Amended Complaint alleges that "PCA seeks to recover all costs associated with (1) purchasing, installing, and maintaining the Lundberg Defendants' systems; (2) evaluating and completing engineering and upgrades to the systems designed, manufactured, assembled, installed, marketed, sold, and maintained by the Lundberg Defendants; and (3) testing the Lundberg Flame Arresters for latent defects and replacing the defective Lundberg Flame Arresters. PCA also seeks costs and fees for bringing this action, as well as treble damages due to Lundberg's fraudulent, unfair, and deceptive business practices."

COMPLAINT FOR DECLARATORY JUDGMENT - 6

31.     The King County First Amended Complaint alleges that "PCA hired Lundberg to design, manufacture, assemble, install, and maintain 57 Lundberg Flame Arresters at the PCA Mills, including at mills located in Washington State"

32.     The King County First Amended Complaint alleges that "the PCA Mills never experienced an explosion caused by the Lundberg Flame Arresters. Therefore, it was not until consultants for PCA tested the 6" Test Flame Arrester—in January 2018—that PCA had an opportunity to learn that the Lundberg Flame Arresters were possibly defective and unlikely to prevent the propagation of flames."

33.     The King County First Amended Complaint alleges that "[e]ach of the 57 Lundberg Flame Arresters that had been installed at the PCA Mills were promptly disassembled and removed from the PCA Mills because they had not been designed, manufactured, tested, or certified to U.S. and international standards, simple facts that had been concealed from PCA by Lundberg for decades. And, as a result of the 2018 Test, the Lundberg Flame Arresters also appeared to have latent, internal defects and an inability to eliminate flame propagation in the Lundberg Systems "

34.     The King County First Amended Complaint alleges that the "process of removing all Lundberg Flame Arresters required the PCA Mills to be intermittently shut down, required new parts to be acquired, and required significant labor costs and time."

35.     The King County First Amended Complaint alleges that "PCA took these steps because the defective, untested, and uncertified Lundberg Flame Arresters posed serious risk to PCA's property and employees and had to be removed and replaced."

36.     The King County First Amended Complaint requests the following relief:

"A. All damages associated with purchasing and maintaining the defective Lundberg Systems and Lundberg Flame Arresters, the exact amount to be determined at trial;

B. All damages associated with testing the defective Lundberg Systems and Lundberg Flame Arresters, the exact amount to be determined at trial;

COMPLAINT FOR DECLARATORY JUDGMENT - 7

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, OR 97223
(503) 242-2922

C. All damages associated with replacing the defective Lundberg Flame Arresters, the exact amount to be determined at trial;

D. All damages associated with the Lundberg's fraudulent statements and fraudulent concealment of the defective nature of the Lundberg Systems and Lundberg Flame Arresters;

E. All damages associated with Lundberg's unfair and deceptive business practices, including treble damages pursuant to RCW 19.86.090;

F. All attorneys' fees, court costs, and other associated expenses; and

G. All other damages deemed suitable by this Court."

## THE INSURANCE POLICIES

37.     Twin City issued policy 52 CES OF6859, in effect from 6/30/2019 to 6/30/2020, to "LDX Solutions" ("the 2019-2020 Policy"). The 2019-2020 Policy, attached as Exhibit 2, includes commercial general liability insurance, subject to the terms and conditions therein, and identifies Lundberg as a named insured.

38.     Twin City issued policy 52 CES OF6859, effective 6/30/2018-6/30/2019, to "Dustex Holdings, LLC" ("the 2018-2019 Policy"). The 2018-2019 Policy, attached as Exhibit 3, includes commercial general liability insurance, subject to the terms and conditions therein and identifies Lundberg as a named insured.

39.     Twin City issued policy 52 CES OF6859, effective 6/30/2017-6/30/2018, to "Dustex Holdings, LLC" ("the 2017-2018 Policy"). The 2017-2018 Policy, attached as Exhibit 4, includes commercial general liability insurance, subject to the terms and conditions therein, and identifies Lundberg as a named insured.

40.     Twin City issued policy 52 XS ON1063, effective 6/30/2019-6/30/2020, to "LDX Solutions" ("the 2019-2020 Excess Policy"), attached as Exhibit 5. The 2019-2020 Policy is the "controlling underlying insurance policy" for the 2019-2020 Excess Policy. Except as otherwise provided by the 2019-2020 Excess Policy, the insurance afforded in the 2019-2020 Excess

COMPLAINT FOR DECLARATORY JUDGMENT - 8

1   Policy shall follow all the terms, conditions, definitions and exclusions of the "controlling

2   underlying insurance policy."

3       41.     Twin City issued policy 52 XS ON1063, effective 6/30/2018-6/30/2019, to

4   "Dustex Holdings, LLC" ("the 2018-2019 Excess Policy"), attached as Exhibit 6.  The 2018-

5   2019 Policy is the "controlling underlying insurance policy" for the 2018-2019 Excess Policy.

6   Except as otherwise provided by the 2018-2019 Excess Policy, the insurance afforded in the

7   2018-2019 Excess Policy shall follow all the terms, conditions, definitions and exclusions of the

8   "controlling underlying insurance policy."

9       42.     Twin City issued policy 52 XS ON1063, effective 6/30/2017-6/30/2018, to

10  "Dustex Holdings, LLC" ("the 2017-2018 Excess Policy"), attached as Exhibit 7.  The 2017-

11  2018 Policy is the "controlling underlying insurance policy" for the 2017-2018 Excess Policy.

12  Except as otherwise provided by the 2017-2018 Excess Policy, the insurance afforded in the

13  2017-2018 Excess Policy shall follow all the terms, conditions, definitions and exclusions of the

14  "controlling underlying insurance policy."

15      43.     The 2019-2020 Policy, the 2018-2019 Policy, and the 2017-2018 Policy

16  (collectively "Primary Policies"), and the 2019-2020 Excess Policy, the 2018-2019 Excess

17  Policy, and the 2017-2018 Excess Policy (collectively "Excess Policies") are each defined by its

18  terms, and any coverage under any Policy is subject to a deductible, as well as its definitions,

19  conditions, exclusions, endorsements and limits of liability.

20      44.     The Commercial General Liability Coverage Form for each Primary Policy

21  contains an Insuring Agreement and certain exclusions, Section I – Coverages, and states in

22  relevant part:

23

24

25

26

COMPLAINT FOR DECLARATORY JUDGMENT - 9

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. * * *

    **b.**  This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**  The "bodily injury" or "property damage" occurs during the policy period; And

        Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * * * *

**2.  Exclusions**

    This insurance does not apply to:

* * * * *

    **j.  Damage To Property**

      "Property damage" to:

* * * * *

      **(5)**  That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

      **(6)**  That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

COMPLAINT FOR DECLARATORY JUDGMENT - 10

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, OR 97223
(503) 242-2922

* * * * *

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.  Damage To Your Products**

"Property damage" to "your product" arising out of it or any part of it.

**l.   Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.  Damage To Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.  Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

45.   The Primary Policies also contain endorsement CG 22 33 04 13 Exclusion – Testing or Consulting Errors and Omissions that states:

COMPLAINT FOR DECLARATORY JUDGMENT - 11

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.**   An error, omission, defect or deficiency in:

    **a.**   Any test performed; or

    **b.**   Any evaluation, a consultation or advice given; by or on behalf of any insured;

**2.**   The reporting of or reliance upon any such test, evaluation, consultation or advice; or

**3.**   An error, omission, defect or deficiency in experimental data or the insured's interpretation of that data.

This Exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved that which is described in Paragraph 1., 2. or 3.

46.     The Primary Policies also contain endorsement CG 22 43 04 13 Exclusion –

Engineers, Architects or Surveyors Professional Liability that states:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

Professional services include:

**1.**   The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

**2.**   Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offence which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

* * * * *

47.     The Primary Policies include the following definitions:

COMPLAINT FOR DECLARATORY JUDGMENT - 12

**SECTION V - DEFINITIONS**

\* \* \* \* \*

**11.** "Impaired property" means tangible property, other than "your product" or "your work" that cannot be used or is less useful because:

    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.** You have failed to fulfill the terms of a contract or agreement;

        if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work", or your fulfilling the terms of the contract or agreement.

\* \* \* \* \*

**16.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \* \*

**19.** "Products-completed operations hazard":

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except

        **(1)** Products that are still in your physical possession; or

        **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)** When all of the work called for in your contract has been completed.

            **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**20.** Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

COMPLAINT FOR DECLARATORY JUDGMENT - 13

      **b.**  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * * * *

**24.** "Your product":

      **a.**  Means:

          **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

             **(a)** You;

             **(b)** Others trading under your name; or

             **(c)** A person or organization whose business or assets you have acquired; and

          **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

      **b.**  Includes

          **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

          **(2)** The providing of or failure to provide warnings or instructions.

      **c.**  Does not include vending machines or other property rented to or located for the use of others but not sold.

**25.** "Your work":

      **a.**  Means:

          **(1)** Work or operations performed by you or on your behalf; and

          **(2)** Materials, parts or equipment furnished in connection with such work or operations.

      **b.**  Includes

          **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

          **(2)** The providing of or failure to provide warnings or instructions.

    48.    The deductible is $10,000.00 as stated in each Primary Policy's Deductible Liability Insurance endorsement, Form HS 03 28 07 13.

COMPLAINT FOR DECLARATORY JUDGMENT - 14

49.     The Excess Policies provide in relevant part:

**SECTION I – COVERAGES**

**1.  Insuring Agreement**

    **a.**  We will pay on behalf of the insured those sums that the insured shall become legally obligated to pay as damages which are:

        **(1)** Because of any injury or damage for which insurance is afforded by the "controlling underlying insurance policy"; and

        **(2)** Not excluded or modified by the Exclusions, Conditions, Definitions, or any other term of this policy;

    But only to the extent that such damages are in excess of the total limits of "underlying insurance" that have been reduced or exhausted solely by payment of that portion of judgments or settlements to which this insurance applies.

    **b.**  We may at our discretion investigate any "occurrence" or "offense" in a. above, and settle any "claim" or "suit" that may result.

    But:

        **(1)** We shall not be obligated to assume charge of, participate in, or pay for the defense of any insured, or investigation or settlement of any "claim" or "suit".

        However, if a "claim" or "suit", in our opinion, involves or is reasonably likely to involve payment of damaged by us under this policy, we shall, at our own expense, have the right but not the duty to investigate and assign counsel in addition to any defense counsel assigned by or on behalf of the insured or its underlying insurers. Such additional counsel shall have the right to participate in the defense of any insured, or the investigation or settlement of any "claim" or "suit" on our behalf.

        If we avail ourselves of the foregoing right(s), the insured, its underlying insurers and we shall cooperate in such investigation, defense, or settlement. In no event will we contribute to any costs or expenses incurred by any underlying insurer;

        **(2)** Any right or opportunity we have exercised to participate in the defense ends at our discretion, but in all events ends when we have used up the limit of liability in the payment of judgments or settlements to which this policy applies; and

        **(3)** The amounts we will pay for damages is limited as described in LIMITS OF LIABILITY (SECTION III).

        No obligation to pay "claim expenses" or any other liability to pay sums or perform acts or services is covered unless explicitly provided for under the SUPPLEMENTARY PAYMENTS section of this policy.

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**c.** This policy applies to injury or damage in 1.a. only if such injury or damage:

**(1) (a)** Is caused by an "occurrence" that takes place in the "coverage territory"; and

**(b)** Occurs during the "policy period"; or

**(2) (a)** Is caused by an "offense" committed in the "coverage territory"; and

**(b)** The "offense" is committed during the "policy period".

## SECTION V – DEFINITIONS

All other words or phrases found in quotation marks in this policy which are not listed in this section or defined elsewhere in the policy or an endorsement to this policy shall have the same definitions that those words or phrases have in the "controlling underlying insurance policy".

**4.** "Claim" means a demand received by any insured for damages alleging injury or damage to persons or property including the institution of a "suit" for such damages against any insured.

**5.** "Claim expenses" means all expenses:

**(a)** Incurred by us; or

**(b)** Incurred by or on behalf of the insured with our written consent.

But "claim expenses" include only those expenses incurred in the defense of any insured, or the investigation or settlement of "claims" or "suits". "Claim" fees paid to the insured's "claim" servicing agency, "underlying insurance", or other insurance are not "claim expenses".

Salaries of your and our "employees" are excluded from this definition; but the costs and expenses of our staff defense counsel and legal assistants are included.

"Claims expenses" are not damages.

**6.** "Controlling underlying insured policy" means the insurance policy listed in item 7. Of the Declarations or set forth as such in the Extension Schedule of Underlying Insurance Policies.

\* \* \* \* \*

**18.** "Offense" means an offense described in the definition of "personal and advertising injury" as defined in and covered by the "controlling underlying insurance policy".

\* \* \* \* \*

**22.** "Suit" means a civil proceeding in which damages because of injury or damage to which this policy applies are alleged.

COMPLAINT FOR DECLARATORY JUDGMENT - 16

"Suit" includes:

**a.**  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.**  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

* * * * *

**24.** "Underlying insurance" means the insurance policies listed in the Extension Schedule of Underlying Insurance Policies, including any renewals or replacements thereof, which provide the underlying coverages and limits stated in such Extension Schedule. A limit of "underlying insurance" includes any deductible amount, any participation of the insured, or any amount retained by the insured above or beneath any such policy, less the amount, if any, by which the aggregate limit of such insurance has been reduced solely by payment of that portion of judgments or settlements to which this policy applies, taking place during the "policy period" of this policy. The coverage and limits of such "underlying insurance" policies and any such deductible amount, participation or any amount retained by the insured shall be deemed applicable regardless of (1) any defense which any underlying insurer may assert because of any insured's failure to comply with any condition in its policy or (2) the actual or alleged insolvency or financial impairment of any underlying insurer or any insured. The risk of insolvency or financial impairment of any underlying insurer or any insured is borne by insureds or others and not by us.

## COMMON ALLEGATIONS

50.     On or about November 20, 2019, Twin City received notice of PCA's Complaints filed in the WDWA Lawsuit and the King County Lawsuit.

51.     On or about, February 24, 2020, Twin City agreed to provide a defense for its insureds under a full reservation of rights.

## FIRST CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT- DUTY TO DEFEND)

52.     Twin City re-alleges and incorporates by reference all previous paragraphs as if fully set forth herein.

53.     There is an actual, substantial, and justiciable controversy between Twin City and Defendants concerning Twin City's obligations under the Primary Policies and the Excess Policies (collectively "Policies") with regard to PCA's allegations in the King County Lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT - 17

54.     Pursuant to 28 U.S.C. § 2201, Twin City is entitled to a declaration by this Court of its rights and duties related to the defense of Lundberg concerning PCA's allegations in the King County Lawsuit under the Policies.

55.     Twin City has no duty to defend Lundberg against PCA's allegations in the King County Lawsuit because the allegations therein do not allege "property damage" and do not allege "property damage" caused by an "occurrence," as the terms in quotes are defined in the Primary Policies.

56.     Twin City has no duty to defend Lundberg against PCA's allegations in the King County Lawsuit because the allegations therein allege damages for the cost to purchase, maintain, and replace the Lundberg Systems and Lundberg Flame Arresters.  The Lundberg Systems and Lundberg Flame Arresters are "your product," as that term is defined in the Primary Policies, and damages to "your product" are not covered pursuant to exclusion 2.k.

57.     Twin City has no duty to defend Lundberg against PCA's allegations in the King County Lawsuit because the allegations therein allege damages because Lundberg allegedly misrepresented or concealed the fitness, quality, durability, performance or use of the Lundberg Systems and Lundberg Flame Arresters.  The Lundberg Systems and Lundberg Flame Arresters are "your product," as that term is defined in the Primary Policies.  Exclusion 2.k. excludes coverage for damages associated with warranties or representations made with respect to the fitness, quality, durability, performance or use of "your product" and alleged damages for such representations and warranties are excluded under exclusion 2.k.

58.     Twin City has no duty to defend Lundberg against PCA's allegations in the King County Lawsuit because the allegations therein allege damages for the Lundberg Systems and Lundberg Flame Arresters' installation and/or damages associated with the advice, instruction, and representations provided to PCA regarding the Lundberg Systems and Lundberg Flame Arresters.  The Primary Policies' exclusion 2.l. excludes coverage for "property damage" to "your work" and alleged damages for installation and/or damages associated with the advice,

COMPLAINT FOR DECLARATORY JUDGMENT - 18

1  instruction, and representations provided to PCA regarding the Lundberg Systems and Lundberg

2  Flame Arresters are excluded under exclusion 2.l.

3       59.     Twin City has no duty to defend Lundberg against PCA's allegations in the King

4  County Lawsuit because the allegations therein do not allege any damage to PCA's property.

5  The King County Lawsuit alleges damages because PCA had to replace Lundberg's product

6  because it was defective.  The Primary Policies' exclusion 2.m. excludes coverage for "property

7  damage" to "impaired property" or property that has not been physically injured arising out of a

8  defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" or a

9  failure by you or anyone acting on your behalf to perform a contract or agreement in accordance

10  with its terms.  PCA's alleged damages are excluded under exclusion 2.m.

11       60.     Twin City has no duty to defend Lundberg against PCA's allegations in the King

12  County Lawsuit because the allegations therein allege damages for the removal and replacement

13  of the Lundberg Systems and Lundberg Flame Arresters.  The Primary Policies' exclusion 2.n.,

14  for Recall of Products, Work or Impaired property, excludes coverage for damages claimed for

15  any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall,

16  inspection, repair, replacement, adjustment, removal or disposal of "your product", "your work"

17  or "impaired property".  PCA's alleged damages are excluded under exclusion 2.n.

18       61.     Twin City has no duty to defend Lundberg against PCA's allegations in the King

19  County Lawsuit because the allegations therein allege damages because the Lundberg provided

20  advice and evaluations regarding the Lundberg Systems and Lundberg Flame Arresters.  The

21  Primary Policies' endorsement CG 22 33 04 13 Exclusion – Testing or Consulting Errors and

22  Omissions excludes coverage for "property damage" arising out of an error, omission, defect or

23  deficiency in any evaluation or advice given by or on behalf of any insured.  PCA's alleged

24  damages are excluded under the Exclusion – Testing or Consulting Errors and Omissions.

25       62.     Twin City has no duty to defend Lundberg against PCA's allegations in the King

26  County Lawsuit because the Primary Policies' endorsement CG 22 43 04 13 Exclusion –

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Rd., Suite 560
Tigard, OR 97223
(503) 242-2922

Engineers, Architects or Surveyors Professional Liability excludes coverage for "property damage" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf.  PCA's alleged damages are excluded under the Exclusion – Engineers, Architects or Surveyors Professional Liability.

63.    Twin City has no duty to defend Lundberg against PCA's allegations in the King County Lawsuit under the Excess Policies because the Excess Policies do not provide for a duty to defend.

<strong>SECOND CLAIM FOR RELIEF</strong>

<strong>(DECLARATORY JUDGMENT- DUTY TO INDEMNIFY)</strong>

64.    Twin City re-alleges and incorporates by reference all previous paragraphs as if fully set forth herein.

65.    There is an actual, substantial, and justiciable controversy between Twin City and Defendants concerning Twin City's obligations under the Primary Policies and the Excess Policies (collectively "Policies").

66.    Pursuant to 28 U.S.C. § 2201, Twin City is entitled to a declaration by this Court of its rights and duties related to the existence or extent of any indemnity obligation under the Policies to Lundberg concerning PCA's King County Lawsuit.

67.    Twin City has no duty to indemnify Lundberg under the Policies for any damages awarded to PCA by means of PCA's King County Lawsuit because those damages are not covered and/or are excluded under the Policies, as alleged in paragraphs 58 through 65 above.

68.    As it pertains to the Excess Policies, the Insuring Agreement states that "[w]e will pay on behalf of the insured those sums that the insured shall become legally obligated to pay as damage which are:  (1) Because of any injury or damage for which insurance is afforded by the 'controlling underlying insurance policy'; and (2) Not excluded or modified by the Exclusions, Conditions, Definitions, or any other terms of this policy."  Because PCA's King County

COMPLAINT FOR DECLARATORY JUDGMENT - 20

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Rd., Suite 560
Tigard, OR 97223
(503) 242-2922

1   Lawsuit's alleged damages are not covered under the "controlling underlying insurance policy,"

2   there is no coverage provided under the Excess Policies.

3       **WHEREFORE**, Twin City prays for judgment as follows:

4       1.  A declaration that Twin City does not have a duty to defend Lundberg under the

5           Policies against PCA's allegations in the King County Lawsuit;

6       2.  A declaration that Twin City does not have a duty to indemnify Lundberg under the

7           Policies for damages sought in the King County Lawsuit; and

8       3.  For such other relief that the Court deems just and proper.

9   DATED this 4th day of November, 2020.

10                          Respectfully submitted,

11                          GORDON & POLSCER, LLC

12

13                By: *s/ Brian C. Hickman*
                          Brian C. Hickman, WSBA No. 50089

14                        9020 SW Washington Square Rd., Suite 560
                          Tigard, OR 97223

15                        Attorneys for Plaintiff Twin City Fire Insurance

16                        Company

17

18

19

20

21

22

23

24

25

26

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, OR 97223
(503) 242-2922